IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT DAVID GILLESPIE, SR., )
)
Plaintiff, )
)
v. ) CV 122-128
)
LT. S. YOUNG; DEPUTY MOSLEY; MISS CRYSTIE JAMES, Head Nurse; MISS SAINT, Nurse; SHERIFF CLAY WHITTLE; CORRECT HEALTH; MR. TONY HOWARD, II; DR. SMITH; JOSEPH GREENE; MISS LYNN WITT; S. SARG; DEPUTY SMITH; DEPUTY MILLER; and MACK TAYLOR, )
)
Defendants.[1] )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly detained at Columbia County Detention Center, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

[1]The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption, showing Defendant Mosley's title as Deputy and adding back into the case Defendants James, Saint, Whittle, Correct Health, Howard, and Dr. Smith. (See doc. no. 21, p. 5.)

# I. SCREENING THE AMENDED COMPLAINT

## A. BACKGROUND

### 1. Procedural History

In his original complaint, submitted while detained at Columbia County Detention Center, Plaintiff listed eight named defendants and three unnamed John Doe defendants. (Doc. no. 1, pp. 2-4.) Without objection from Plaintiff, United States District Judge J. Randall Hall dismissed all defendants but Defendants Young and Mosley, as well as all official capacity claims for money damages, for failure to state a claim upon which relief may be granted. (See doc. nos. 9, 10, 12.) The Court directed service on Defendants Young and Mosley on Plaintiff's excessive force claims. (Doc. no. 11.) Defendants Young and Mosley have since filed their answers to the initial and amended complaint. (Doc. nos. 19, 20, 22, 23.)

Among the dismissed defendants were the three John Does, one who worked as a patrol officer and two who worked as correctional officers at the Columbia County Detention Center. The patrol officer John Doe was dismissed for Plaintiff's failure to allege facts sufficient to state a claim. (Doc. no. 9, p. 12.) However, the Court allowed to proceed the excessive force claims made against the two correctional officer John Does (as well as Defendants Young and Mosley), and the two John Does were only dismissed because Plaintiff did not sufficiently identify them in his initial complaint. (Id. at 13.)

On October 27, 2022, Plaintiff moved for leave to file an amended complaint to, in part, identify the dismissed John Doe defendants, which the Court granted. (Doc. nos. 8, 9.) Though he was instructed to file his amended complaint within fourteen days, Plaintiff filed his amended complaint on February 15, 2023, albeit still within the confines of Federal Rule of Civil Procedure 15(a)(1). (Doc. no. 21.) As the Court previously explained to Plaintiff, the

amended complaint supersedes and replaces in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

**2. Amended Complaint Allegations**

In his amended complaint, Plaintiff names fourteen defendants, including the same defendants as the first: (1) Head Nurse Miss Crystie James, (2) Assistant Head Nurse Miss Saint, (3) Lt. S. Young, (4) Columbia County Sheriff Clay Whittle, (5) Correct Health, (6) Deputy Jailer Mosley, (7) Public Defender Tony Howard II, and (8) Dr. Smith. (Doc. no. 21, pp 4-6.) He also identifies and names (9) the patrol officer John Doe as Joseph Greene of the Columbia County Sherriff's Office; and the correctional officer John Does as (10) Deputy Smith and (11) Deputy Miller. (See id.; doc. no. 13.) Last, Plaintiff adds (12) Miss Lynn Witt of Correct Health, (13) S. Sarg., an unidentified staff sergeant at the Columbia County Detention Center, and (14) and Public Defender Mack Taylor. (Doc. no. 21, pp 5-6.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On either April 30, 2021, or June 30, 2021, at an unknown location, Defendant Greene approached Plaintiff while he was walking in response to an anonymous phone call. (Id. at 9-10.) After learning Plaintiff was not the "the person of interest in a bogus, anonymous phone call," Defendant Greene questioned Plaintiff regarding driving while under the influence, even though Plaintiff was a pedestrian when Defendant Green approached him and the car in question was parked nearby. (Id. at 10.) Defendant Greene then arrested Plaintiff for DUI. (See id.) Plaintiff claims Defendant Greene's actions constitute false arrest and false imprisonment in violation of his Fifth and Fourteenth Amendment rights. (Id. at 8.) Plaintiff

alleges Defendant Whittle is liable for Defendant Greene's actions by failing to supervise and properly instruct deputies on proper arrest procedures. (Id. at 10.)

On July 21, 2021, at the Columbia County Detention Center, Defendant Witt gave Plaintiff Ibuprofen on the orders of Defendant James. (Id.) Plaintiff contends that Defendant Saint knew Plaintiff was highly allergic to Ibuprofen and on three occasions tried to give Plaintiff ibuprofen, falsely claiming it was doctor's orders. (Id. at 11.) On the same day, Defendant Witt administered 50 milligrams of Benadryl to Plaintiff. (Id.) Plaintiff also received a shot which resulted in him hallucinating for seven days. (Id.) His amended complaint allegations are unclear if the Benadryl was the medication causing the hallucinations, but Plaintiff believes he should have received some unnamed medication rather than Benadryl to prevent the hallucinations. (Id.) During his hallucinations, Defendant Witt did not send Plaintiff to the hospital and told him, "You're the first person to ever get this kind of shot." (Id.) Nurse Witt told Plaintiff she put a report in Plaintiff's file, but Defendant James also told Plaintiff his medical records were "deleted, altered, and destroyed" on July 22, 2021. (Id.) Plaintiff asserts claims of "medical deprivation, malpractice, and med. negligence" against Defendants Witt, Saint, and James, and states Defendant Correct Health is also liable for the failure to supervise staff, maintain medical records, and properly distribute controlled substances. (Id. at 8, 11.) Attached to the amended complaint is a copy of a nearly unreadable grievance Plaintiff filed regarding these allegations six months after the fact. (Id. at 19.)

On July 22, 2021 around 11:30am, Defendants Deputy Smith, Miller, and Mosely, "in the view and direct control" of Defendants Young and S. Sarg., threw Plaintiff to the ground, punched and kicked him, and carried him by his handcuffs. (Id. at 12.) Plaintiff suffered a lost tooth, torn rotator cuff, and neck injuries. (Id.) Defendants did not call for medical

assistance because medical staff "were aware of the situation" and Plaintiff's medical records were deleted. (Id.) Plaintiff asserts an excessive force claim against these five Defendants. (Id. at 8.)

Finally, on or about September 13, 2021, Plaintiff's public defenders Defendants Howard and Taylor affixed Plaintiff's signature to a legal document without his permission or knowledge. (Id. at 12.) Plaintiff accuses Defendants of "signing and depriving life, liberty." (Id. at 8.)

For relief, Plaintiff requests $5 million in damages from each Defendant and punitive damages. (Id. at 14.)

**B. DISCUSSION**

**1. Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. Plaintiff Fails to State a Claim Against Defendants Witt, Saint, James, Dr. Smith, and Correct Health**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.[2]

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

---

[2]The Court notes "[t]echnically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees . . . . However, the standards under the Fourteenth Amendment are identical to those under the Eighth" in regard to claims for medical deliberate indifference. Goebert, 510 F.3d at 1326.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

The Court previously found Plaintiff failed to state a claim against Defendants Dr. Smith, James, and Saint in relation to these same allegations and Correct Health could not be held liable as their supervisor. The Court also addressed Plaintiff's claims against Defendant Witt, whom Plaintiff did not name as a defendant initially. Plaintiff's amended complaint provides even fewer details than his original complaint. He accuses Defendants Witt and James of giving him Ibuprofen on July 21, 2021, but does not allege they knew he was allergic. Rather, he claims only Defendant Saint knew of his allergies, and she provided Plaintiff Ibuprofen on three separate, unstated dates. His amended complaint barely resembles the narrative of his original complaint regarding the week-long hallucinatory reaction he had to an unknown drug. He provides no detail on causation or the seriousness of his medical needs, and he simply states Defendant Witt should have taken him to the hospital. Further, while Plaintiff names Defendant Dr. Smith in his list of

Defendants, he makes no factual allegations against Defendant Dr. Smith entirely in his amended complaint. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Nothing in Plaintiff's amended complaint indicates Defendants acted with deliberate indifference to his serious medical needs. He alleges no more than negligence, mere disagreement over his course of his treatment, or medical malpractice, none of which support a claim for deprivation of one's rights under § 1983. Plaintiff thus fails to state a medical deliberate indifference claim against Defendants Witt, Saint, James, Dr. Smith, and Correct Health.

Defendant Correct Health is an improper defendant regardless. As the Court has already explained, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). Plaintiff's allegations regarding Correct Health's liability are no different than his original complaint, and he fails to state a claim.

**3. Plaintiff's Claims Against Defendants Greene, Whittle, Taylor, and Howard are Improperly Joined Under Rule 20 and Fail to State a Claim**

Plaintiff cannot bring unrelated claims in a single lawsuit under Fed. R. Civ. P. 20. There are two requirements for joinder under Rule 20: (1) all claims against joined defendants must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010)

(citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*)). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319. A claim may be dismissed without prejudice where it does not comply with Rule 20. Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015).

The only claims which bear some relation to each other are Plaintiff's claims of inadequate medical care and use of force while detained at the Columbia County Detention Center. Plaintiff's claims regarding his arrest and legal representation bear no logical relationship to these primary claims of deliberate indifference and excessive force. Using the discretion afforded the Court by Fed. R. Civ. P. 21, the Court recommends dismissal of Defendants Greene, Whittle, Taylor, and Howard for improper joinder. See Daker v. Head, 730 F. App'x 765, 768 (11th Cir. 2018) ("[T]he proper remedy is for the district court to dismiss those defendants or sever the plaintiff's claims against them.").

Regardless, Plaintiff fails to state a claim against Defendants Taylor and Howard because public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325

(1981)). Indeed, courts "have concluded that public defenders and their assistants generally do not act under color of state law when representing indigent defendants in criminal proceedings, and therefore cannot normally be sued in a section 1983 case for actions arising out of such representation." Medina v. Minerva, 907 F. Supp. 379, 382 (M.D. Fla. 1995); see West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

**4. Plaintiff Inadequately Identifies Defendant S. Sarg.**

While Plaintiff provides names of the two John Doe defendants named in his original excessive force claim, he names a new, third John Doe defendant "S. Sarg." in his amended complaint, identified only as a white, male staff sergeant at the Columbia County Detention Center on July 22, 2021.

As already explained, generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id.

Plaintiff has provided insufficient information to identify Defendant S. Sarg. Plaintiff provides no more identifying characteristics other than race, gender, and rank and gives no detail on the location of the use of force occurred to help determine which of the jail's several officers may have been on shift. The Court cannot order the United States Marshal to effect service without further information. While the Court is allowing the excessive force claim to proceed against

Defendants Young, Mosley, Miller, and Deputy Smith, the Court must recommend dismissal Defendant S. Sarg. just as the Court has done to previous John Doe defendants.

**5. Plaintiff's Official Capacity Monetary Claims**

Plaintiff states he is suing all Defendants in their official capacities. (Doc. no. 21, pp. 2-6.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants James, Saint, Whittle, Correct Health, Howard, Dr. Smith, Greene, Witt, S. Sarg., and Taylor, as well as Plaintiff's official capacity monetary damages claims against all Defendants, be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendants Young, Mosley, Miller, and Deputy Smith based on Plaintiff's allegations of use of excessive force.

SO REPORTED and RECOMMENDED this 27th day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA