IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT DAVID GILLESPIE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-128 |
| | ) | |
| LT. S. YOUNG; DEPUTY MOSLEY; | ) | |
| MISS CRYSTIE JAMES, Head Nurse; | ) | |
| MISS SAINT, Nurse; SHERIFF CLAY | ) | |
| WHITTLE; CORRECT HEALTH; | ) | |
| MR. TONY HOWARD, II; DR. SMITH; | ) | |
| JOSEPH GREENE; MISS LYNN WITT; | ) | |
| S. SARG; DEPUTY SMITH; DEPUTY | ) | |
| MILLER; and MACK TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, formerly detained at Columbia County Detention Center, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.   SCREENING THE AMENDED COMPLAINT

In his amended complaint, Plaintiff names fourteen defendants, including the same defendants as the first: (1) Head Nurse Miss Crystie James, (2) Assistant Head Nurse Miss Saint, (3) Lt. S. Young, (4) Columbia County Sheriff Clay Whittle, (5) Correct Health, (6)

Deputy Jailer Mosley, (7) Public Defender Tony Howard II, and (8) Dr. Smith. (Doc. no. 21, pp 4-6.) He also identifies and names (9) the patrol officer John Doe as Joseph Greene of the Columbia County Sherriff's Office; and the correctional officer John Does as (10) Deputy Smith and (11) Deputy Miller. (See id.; doc. no. 13.) Last, Plaintiff adds (12) Miss Lynn Witt of Correct Health, (13) S. Sarg., an unidentified staff sergeant at the Columbia County Detention Center, and (14) and Public Defender Mack Taylor. (Doc. no. 21, pp 5-6.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On either April 30, 2021, or June 30, 2021, at an unknown location, Defendant Greene approached Plaintiff while he was walking in response to an anonymous phone call. (Id. at 9-10.) After learning Plaintiff was not the "the person of interest in a bogus, anonymous phone call," Defendant Greene questioned Plaintiff regarding driving while under the influence, even though Plaintiff was a pedestrian when Defendant Green approached him and the car in question was parked nearby. (Id. at 10.) Defendant Greene then arrested Plaintiff for DUI. (See id.) Plaintiff claims Defendant Greene's actions constitute false arrest and false imprisonment in violation of his Fifth and Fourteenth Amendment rights. (Id. at 8.) Plaintiff alleges Defendant Whittle is liable for Defendant Greene's actions by failing to supervise and properly instruct deputies on proper arrest procedures. (Id. at 10.)

On July 21, 2021, at the Columbia County Detention Center, Defendant Witt gave Plaintiff Ibuprofen on the orders of Defendant James. (Id.) Plaintiff contends that Defendant Saint knew Plaintiff was highly allergic to Ibuprofen and on three occasions tried to give Plaintiff ibuprofen, falsely claiming it was doctor's orders. (Id. at 11.) On the same day, Defendant Witt administered 50 milligrams of Benadryl to Plaintiff. (Id.) Plaintiff also

received a shot which resulted in him hallucinating for seven days. (Id.) His amended complaint allegations are unclear if the Benadryl was the medication causing the hallucinations, but Plaintiff believes he should have received some unnamed medication rather than Benadryl to prevent the hallucinations. (Id.) During his hallucinations, Defendant Witt did not send Plaintiff to the hospital and told him, "You're the first person to ever get this kind of shot." (Id.) Nurse Witt told Plaintiff she put a report in Plaintiff's file, but Defendant James also told Plaintiff his medical records were "deleted, altered, and destroyed" on July 22, 2021. (Id.) Plaintiff asserts claims of "medical deprivation, malpractice, and med. negligence" against Defendants Witt, Saint, and James, and states Defendant Correct Health is also liable for the failure to supervise staff, maintain medical records, and properly distribute controlled substances. (Id. at 8, 11.) Attached to the amended complaint is a copy of a nearly unreadable grievance Plaintiff filed regarding these allegations six months after the fact. (Id. at 19.)

On July 22, 2021 around 11:30am, Defendants Deputy Smith, Miller, and Mosely, "in the view and direct control" of Defendants Young and S. Sarg., threw Plaintiff to the ground, punched and kicked him, and carried him by his handcuffs. (Id. at 12.) Plaintiff suffered a lost tooth, torn rotator cuff, and neck injuries. (Id.) Defendants did not call for medical assistance because medical staff "were aware of the situation" and Plaintiff's medical records were deleted. (Id.) Plaintiff asserts an excessive force claim against these five Defendants. (Id. at 8.)

Finally, on or about September 13, 2021, Plaintiff's public defenders Defendants Howard and Taylor affixed Plaintiff's signature to a legal document without his permission or knowledge. (Id. at 12.) Plaintiff accuses Defendants of "signing and depriving life, liberty." (Id. at 8.)

3

For relief, Plaintiff requests $5 million in damages from each Defendant and punitive damages. (Id. at 14.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable excessive force claim against Defendants Young, Mosley, Miller, and Deputy Smith.[1] See Patel v. Lanier Cnty. Georgia, 969 F.3d 1173, 1181 (11th Cir. 2020) (explaining excessive force claims for pretrial detainees are governed by objective reasonableness standard); Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000) ("an officer can be liable for failing to intervene when another officer uses excessive force"). In a companion Report and Recommendation, the Court recommends dismissal of the remaining defendants, as well as Plaintiff's official capacity monetary damages claims against Defendants Young, Mosley, Miller, and Deputy Smith.

## II.     INSTRUCTIONS

The Court has previously directed service of process on Defendant Young and Mosley, and they have already filed their answers to the amended complaint. The Court also need not repeat the entirety of the instructions regarding case progression first provided to Plaintiff on December 5, 2022. (See doc. no. 11.)

---

[1] Although Plaintiff bases his excessive force claims in the Eighth Amendment, excessive force claims for pretrial detainees fall under the Fourteenth Amendment. Piazza v. Jefferson Cnty., Alabama, 923 F.3d 947, 952 (11th Cir. 2019) ("While the Fourth Amendment prevents the use of excessive force during arrests, and the Eighth Amendment . . . protect[s] against excessive force after conviction, it is the Fourteenth Amendment that protects those who exist in the in-between—pretrial detainee") (citations omitted).

Therefore, **IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Deputy Miller and Deputy Smith. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 21), and this Order by first-class mail and request that each Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants to effect service.

SO ORDERED this 27th day of March, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA